## STATE ex McGOVERN v CIVIL SERVICE COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2852. Decided Mar 21, 1938

Betts & Betts, Findlay, Ohio, Attorneys for Relator.

Herbert L. Duffy, Columbus, Attorney General, H. E. Rutledge, Columbus, Asst. Atty. General, Attorneys for Respondent.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on respondent's demurrer to relator's petition. The ground of demurrer is the claim that the petition does not state facts sufficient to constitute a cause of action against respondent.

Relator's complaint is an original action filed in our Court by petition for mandamus, seeking a peremptory writ requiring the respondent, The Civil Service Commission of Ohio, to take jurisdiction over and hear his claimed appeal from an order of removal issued by the Tax Commission of Ohio.

Relator, through his petition, alleges that on or about March 1, 1935, he was duly appointed to the office of Branch Manager, Excise Tax Office, Cleveland, Ohio, by the Tax Commission of Ohio, and served in such capacity until the first day of April, 1936, on which date he was appointed Sales Tax Examiner by the Tax Commission of Ohio, and entered upon the duties thereof; that said appointment was made from an eligible list, duly certified by the Civil Service Commission of Ohio, as a result of a competitive examination for said position; that he held and occupied the last named position from the time of said appointment and thereafter; that on or about the 31st day of August, 1937, at which time he still occupied said position, he was served with an instrument in writing in the words and figures following:

"ORDER OF REMOVAL.
Mr. H. F. McGovern:

You will take notice that your services as Sales Tax Examiner, formerly employed as Branch Manager, Excise Tax Office, Cleveland, Ohio, are no longer desired, and you are hereby discharged from said position, such discharge to become effective September 6, 1937.

The reason for this discharge is that you have been guilty of dishonesty, malfessance, incompetency, in the following particulars, to-wit:

That on or about September 4, 1935 there was collected from H. A. Grebe by Examiner Davis Fifty Two Dollars and Forty Nine Cents ($52.49) on a Wine Tax Inspection Return for which you failed to account to the Tax Commission of Ohio; that on or about the 6th day of September, 1935, there was collected by Examiner Keyerleber, from Budin, Inc., at Cleveland, Ohio, the sum of Ninety-Six Dollars and Eighty Cents ($96.80) for which you failed to account to The Tax Commission of Ohio.

You have been found guilty of incompetency and dishonesty as set forth by reason of the fact that you failed to disclose these collections to The Tax Commission of Ohio, and that you permitted Wine Inspection Returns which had been made during the year 1934 to remain in the Cleveland Office until the time of your transfer from your duties as Branch Manager of the Excise Tax office of The Tax Commission of Ohio to a position with the Sales Tax Section in September of 1936, and at that time there was found in the Cleveland Office, of the Tax Commission of Ohio, Wine Tax Inspection Returns in the amount of Twelve Hundred Sixty One Dollars and Thirty Five Cents for which you had failed to remit, or account for.

Dated Columbus, Ohio, August 31, 1937.
Frank Miller
Chairman Tax Commission of Ohio."

The relator further says that on the 14th day of September, 1937, he filed with the Civil Service Commission of Ohio a written instrument, of which the following is a copy:

"BEFORE THE CIVIL SERVICE COMMISSION OF OHIO

In re Order of Removal of H. F. McGovern. Explanation of Employee.

Now comes H. F. McGovern, formerly employed as Sales Tax Examiner, Branch Manager, Exc'se Tax Office, Cleveland, Ohio, and says that he denies that he has been guilty of dishonesty, malfeasance and incompetency as alleged in the order of removal of the Tax Commission of Ohio of August 31, 1937.

For his explanation of the charges contained in said order the said H. F. McGovern says that the collection amounting to $52.49 and the collection of $96.80 set forth in the first paragraph of said order was included in the item of $1261.35 which it is alleged in the second paragraph of said order that he failed to remit and account for.

By way of further explanation said H. F. McGovern says that he was appointed to the post of branch manager, Excise Tax Office, Cleveland, Ohio, on or about the —— day of —————————— 1935 and that the wine inspection returns made during the year 1934 and alleged in said order were made while the Cleveland Office was in charge of another employee of the Tax Commission.

By way of further explanation said H. F McGovern says that said sum of $1261.35 which he is alleged to have failed to remit and account for was collected over a period of time during which the said Cleveland office was in charge of others, that the safe in said Cleveland office wherein the accounts and collections were kept was accessible to all employees in said office, that he made every effort to see that collections were properly remitted and returns accounted for.

That the alleged shortage was called to his attention in the month of April, 1936 and that after a statement and explanation to the Tax Commission by him, he was absolved of any dishonesty or guilt in connection with the said shortage, but was charged with the obligation of caring for the said collections and required to make up part of the deficiency, the balance of same to be made up by the former branch manager of the Cleveland Office; and that since that date he has in accordance with said order of the Tax Commission refunded from his personal funds the amount required to be made up by him except approximately $100.00.

Wherefore said H. F. McGovern says that he denies the allegations as alleged in said order of removal and that the matter was disposed of in the month of April 1936 to the satisfaction of the Tax Commission of Ohio, and by reason of the statements contained in this explanation, he requests the charges contained in said order of removal be dismissed and that he be permitted to continue in his employment with the Tax Commission of Ohio. H. F. McGovern."

Relator further says that he was not notified within the statutory period of a hearing by the Civil Service Commission of his claimed appeal from the order of removal, and no hearing was ever had on such claimed appeal. The petition further alleges that relator on October 30, 1937, demanded that the said respondent, the Civil Service Commission of Ohio, act upon the order of removal and appeal filed by relator on the 14th day of September, 1937. That on November 4, 1937, the Civil Service Commission acknowledged demand of relator and issues its order as follows: "It is not within the province of this Commission to hear the appeal of your client, Mr. H. F. McGovern, at this late date."

Then follows the prayer that a writ of mandamus be issued by this court compelling the Civil Service Commission of Ohio to take jurisdiction over and hear the appeal from the order of removal.

Upon the filing of the petition, an alternative writ was issued, signed by one member of this court.

Through the demurrer and the attending briefs, there is presented the contention of respondent that relator did not appeal from the decision or order of the appointing authority to the Civil Service Commission within ten days from and after the date of such removal.

The controlling statute authorizing appeal and prescribing the procedure is §486-17a, GC, and reads as follows:

Sec 486-17a. Tenure of office; removals; appeal. The tenure of every officer, employe or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employe or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or rules of the commission or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.

In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer. employe or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission. Any such employe or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final; provided however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the court of common pleas of the county in which such municipality is situated to determine the sufficiency of the cause or removal. Such appeal shall be taken within ten days from the finding of the commission."

It is relator's contention that the instrument filed with the Civil Service Commission, designated as "Explanation of Employee", is sufficient in its language under the statute to constitute an appeal. This is the single and only question for our determination.

If the instrument above quoted in full and designated "Explanation of Employee", may properly be construed as an appeal, then the relator would be entitled to the mandatory writ, as prayed for. On the other hand, if such instrument can not be construed as an appeal, then the petition must be dismissed. In other words, the bringing of an appeal to the ██ Civil Service Commission from the order dismissing, is a jurisdictional requisite to the right of the Civil Service Commission to hear. §486-17a, GC, (above quoted in full) is the only applicable section providing for an appeal. This section as it pertains to appeal is very general. The pertinent portion reads as follows:

"Any such employe or subordinate so removed shall appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal."

The section being general and not specific, little attention will be paid to form, but we will look to substance as to whether or not the instrument designated "Explanation of Employee" may be construed as an appeal.

It will be noted that the above quoted §486-17a, GC, provides that following the removal and the reasons of the appointing authority therefor, the employe shall have a reasonable time in which to make and file an explanation. The explanation referred to in the Code should be filed with the appointing authority and thereafter such appointing authority files with the Civil Service Commission the order of removal, together with the employe's explanation. Such action on the part of the appointing authority gives no right to the Civil Service Commission to hear the cause as upon appeal. The Civil Service Commission only gets jurisdiction when the dismissed employe appeals from such order.

We are unable to construe the instrument designated "Explanation of Employee" as an appeal. As we read it, it was no more than what was stated, to-wit, "Explanation of Employee". Relator should have filed this with the appointing authority and not with the Civil Service Commission.

Being of the opinion that relator's petition fails to disclose that he took an appeal to the Civil Service Commission, the demurrer will be sustained and relator's petition dismissed at his costs.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.